# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THOMPSON, O'BRIEN, KEMP & NAUSTI, P.C., <br><br> PLAINTIFF, <br><br> V. <br><br> ADAM L. CLEVELAND, P.C., <br> ADAM L. CLEVELAND, AND <br> AMY M. LOISEAU, <br><br> DEFENDANT(S), | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION FILE <br> ) NO. <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1441, and 1446, Defendants Adam L. Cleveland, P.C. ("ALCPC"), Adam L. Cleveland ("ALC"), and Amy M. Loiseau ("AML" and, collectively with ALCPC and ALC, "Defendants") hereby remove the above-entitled action from the Superior Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia. In support of this Notice, Defendants state as follows:

1.      This is a civil action over which this Court has original and exclusive jurisdiction under 28 U.S.C. §1338 and supplemental jurisdiction under 28 U.S.C § 1367 over any remaining state-law claims, and which action may be removed to this Court pursuant to 28 U.S.C. §1441(a), as the state court action is a civil action in which Plaintiff seeks remedies preempted by and exclusive to the Copyright Act, 17 U.S.C. § 101 *et seq.*, among its purported state law claims.

2.      Thompson, O'Brien, Kemp & Nasuti, P.C. ("Plaintiff" or "TOKN") filed an action against Defendants in the Superior Court of Gwinnett County, Georgia, Civil Action No. 18-A-10679-10 on December 14, 2018 alleging violations of the Georgia Trade Secrets Act, the Georgia Computer Systems Protection Act, and "conversion" and seeking money damages and unspecified injunctive relief.

3.      Defendants ALCPC and Adam Cleveland acknowledged service of Plaintiff's original Summons and Complaint for Damages ("Complaint") on December 27, 2018. Defendant Amy M. Loiseau neither received service of process nor acknowledged service.  Defendants moved to dismiss the Complaint.

4. Copies of all process, pleadings, and orders served upon, and some not served upon, Defendants in the state court action are attached hereto in Exhibits "A" and "B."

5. Pursuant to an order from the state court, Plaintiff sent Defendants a First Amended Complaint for Damages Filed Under Seal ("Amended Complaint," pp. EXA24-EXA122 of Exhibit "A" to the Defendants' Notice of Removal) and described therein a Microsoft Powerpoint file, a Microsoft Excel file, and two Microsoft Word files as "TOKN's electronic and computer property" and "TOKN's Property" that had been "converted" without citing any purported law or stating whether ideas, information, or expressions in such files were claimed as "property." *See* Ex. A, p. EXA031. *See also* Ex. A, p.EXA031-EXA036 (under the heading, "COUNT III – CONVERSION").

6. Defendants attempted to utilize the discovery process and motions practice to confirm the specific nature of Plaintiff's claims. *See* Plaintiff's Brief in Opposition to Motion to Dismiss (Ex. A., pp. EXA017-EXA021 at EXA18, "Defendants know what property of TOKN they converted"). *See also* Plaintiff's Responses to Defendants' interrogatories, attached hereto in Ex. A, pp. EXA123-EXA165 (providing no explanations of Plaintiff's assertion of property rights

relating to, nor distinguishing between, the contents and expressions of emails and digital writings). *See esp.* Response to Interrogatory No. 5, p. EXA-126 and Interrogatory No. 4, p EXA-148 ( giving no response and purporting to deliver responsive documents but only under a protective order, which order was never sought by Plaintiff). *See also* Deposition of Aaron M. Kappler, attached hereto as Exhibit "C," page EXC043 (Stating "No, I own the information" in response to a question about what Plaintiff owns in one of the referenced Microsoft Word documents).

7. At oral argument on Defendants' Motions for Summary Judgment, Defendants expressed the possibility that some of Plaintiff's claims might fall within the scope of Federal preemption under 17 U.S.C. § 301.

8. On October 7, 2020, Plaintiff sent the judge's office and Defendants a "Supplemental Brief in Opposition to Defendants' Motions to Dismiss or, Alternatively, for Summary Judgment" ("Supplemental Brief," Ex. A pp. EXA551-EXA556) in which Plaintiff stated "This case also has nothing to do with 'copyrights'" (Ex.A, p. EXA551).

9. On November 9, 2020, Plaintiff delivered a proposed order (the "Proposed Order") to the state court judge's office and to Defendants' counsel. A

true and correct copy of said Proposed Order is attached hereto in Exhibit "A," pp. EXA557-EXA567.

10. The Proposed Order solicited the state court to find that "All of the documents were owned by TOKN"[1] in relation to writings – specifically two Microsoft Word documents, one Microsoft Powerpoint document, and one Microsoft Excel document – fixed in a tangible medium of expression from which they could be perceived, reproduced, or otherwise communicated. It further asked the state court to order that such electronic writings were "not a mere recitation of the law" and that "[r]ather, the evidence shows that the [documents] … were clearly more than mere information."[2]

11. This removal is timely pursuant to 28 U.S.C. § 1446(b)(3)[3] as the Proposed Order was the first receipt of specific and unambiguous notice allowing Defendants to determine with certainty that Plaintiff's Amended Complaint necessarily contained claims and sought remedies preempted by and reserved exclusively to the Copyright Act and the Federal courts. *See e.g.* <u>Clark v. Unum</u>

---

[1] Proposed Order, Ex. A, p. EXA560
[2] Proposed Order, Ex. A, p. EXA563
[3] "[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3)

Life Ins. Co. of Am., 95 F.Supp. 3d 1335 (M.D. Fla. 2015). *See also* Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) ("It is long settled" that, for removal, a claim arises under federal law only if the complaint raises a federal claim" and "A "corollary ... is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."

12. Because Plaintiff consistently refused to give any specific response to Defendants' requests for clarification of its claims and the legal theories supporting them and obfuscated when Defendants suggested that its claims might be at least in part be based in and preempted by Federal law, Defendants could not ascertain that Plaintiff sought relief preempted by and reserved solely to the Copyright Act and to the jurisdiction of the Federal courts until Plaintiff solicited the state court for an order seeking to declare writings themselves, rather than any ideas or information therein, as "property." *See* the affidavits of Adam L. Cleveland and Amy M. Loiseau in Support of Notice of Removal, filed concurrently herewith.

13. Because Plaintiff seeks relief not within the subject-matter jurisdiction of its chosen forum, any attempt by Plaintiff to remand this action would demonstrate a deliberate effort to sidestep the requirements of Federal law.

14. Defendants will serve written notice to Plaintiff and will file a true and correct copy of this Notice of Removal in the Superior Court of Gwinnett County, Georgia, promptly after the filing of the Notice of Removal with this Court, as provided by 28 U.S.C. §1446 (d).

**WHEREFORE,** Defendants respectfully request that this Court proceed with the case and that Defendants have such other and further relief as is just and proper.

Respectfully submitted,

/s/ Adam L. Cleveland
Adam L. Cleveland
GA Bar No.: 101067
PO Box 767176
Roswell, GA 30076
404-736-6803
adam@alclevelaw.com
Attorney for Defendant Adam L. Cleveland, P.C.

/s/ William R. Carlisle
William R. Carlisle
GA Bar No.: 110382
P.O. Box A
Winder, GA 30680
(770) 295-0175
wrclaw@gmail.com
Attorney for Defendants Adam Cleveland & Amy Loiseau

# CERTIFICATE OF SERVICE

I hereby certify I electronically filed the within and foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, and that I have served a true and correct copy of the within and foregoing via U.S. Mail with adequate postage affixed thereon or via overnight delivery:

> Aaron M. Kappler
> Thompson, O'Brien, Kemp & Nasuti, P.C.
> 40 Technology Pkwy. South
> Suite 300
> Norcross, GA 30092
> Attorney for Plaintiff

This the 9th day of December, 2020.

/s/ Adam Cleveland