IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| THOMPSON, O'BRIEN, KEMP & NASUTI, P.C., | § § § | |
|---|---|---|
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION FILE NO.: 1-20-cv-04994-WMR |
| ADAM L. CLEVELAND, P.C., ADAM L. CLEVELAND, AND AMY M. LOISEAU, | § § § § | |
| Defendants. | § § | |

## REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

COMES NOW Thompson, O'Brien, Kemp & Nasuti, P.C. ("TOKN"), Plaintiff in this action, and hereby files this Reply Brief in Support of Plaintiff's Motion to Remand, respectfully showing the Court as follows:

### I.     INTRODUCTION

Did Congress intend for federal copyright law to preempt state law that prohibits individuals from invading computer systems and then transmitting data from those invaded computer systems? Of course not. Despite Defendants' efforts, this case is simply not a copyright case.

Moreover, to support their contentions, Defendants do not point to the allegations contained in TOKN's complaint or amended complaint. They do not point to deposition testimony or exhibits. They also do not point to arguments of counsel for TOKN.[1] No, they point to a *proposed* order that was submitted to the state court, by request of the state court's staff attorney, that was *not entered*.

Finally, in an attempt to excuse their untimeliness, Defendants misrepresent to this Court when they first learned of the nature of TOKN's claims. This Court should not buy their misrepresentations; instead, the Court should remand this action back to the state court and award TOKN its fees for having to bring this motion.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. TOKN'S CLAIMS ARE NOT COPYRIGHT CLAIMS

The law is clear that Defendants, as the removing party, bear the burden of proving federal jurisdiction. "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. An anticipated or even inevitable federal defense generally will not support removal based upon federal question jurisdiction." Transcardiac Therapeutics, Inc. v. Yoganathan, 15 F. Supp. 3d 1364,

---

[1] The reason is because TOKN has not asserted copyright claims, never claimed to have asserted them, and in fact, expressly stated it was not asserting such claims.

1370 (N.D.Ga. 2014) (internal citations and quotations omitted).  Additionally, the "removal statute should be construed narrowly with doubt construed against removal." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).  Defendants have failed to satisfy their burden.

Defendants argue in their response brief that their invasion of TOKN's computer system, and Loiseau violating the terms of her employment handbook with TOKN, falls within copyright protection because some of the documents that they stole consist of "English or mathematic language written or compiled by Adam Cleveland and saved in Microsoft Office software programs, they are 'literary' and 'pictorial, graphic, and sculptural' works" protected by § 102(a)(1) and (5). [Doc. 9, p. 6].  In other words, Defendants posit that *any* writing using "English or mathematic language" that is saved in Microsoft Office software programs are copyrighted, and that any effort to protect the information contained within such electronically saved files is preempted by federal copyright law.  But, that is not what federal copyright protects.

As explained by the Eleventh Circuit, "copyright protection subsists . . . in *original* works of authorship fixed in any tangible medium of expression." Utopia Provider Sys. V. Pro-Med Clinical Sys., LLC, 596 F.3d 1313, 1319-20 (11th Cir. 2010).  "The *sine qua non* of copyright is originality.  As used in copyright, original

means that the work was independently created by the author and possessed at least some minimal degree of creativity." Id. (internal citations and quotations omitted). Importantly, however, copyright protection does not "extend to anything in the work of authorship that constitutes an idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b).

Defendants failed to satisfy their burden in establishing that the information they obtained from TOKN's computer system consists of "original" work that was "*independently* created by the author and possessed at least some minimal degree of *creativity*." Instead, under Defendants' interpretation of federal copyright preemption, all "English or mathematic language" that is "saved in [] software programs" are now protected by federal copyright law as "literary works" and 'pictorial, graphic, and sculptural' works". Or, put another way, *everything* that is saved on a computer program is a literary work or a pictorial, graphic, and sculptural work. Stretching federal copyright law to that extent would essentially result in complete preemption of any claim, by any party, under any circumstance, involving a computer.

While Defendants gloss over the differences between this case and the case they are primarily relying on – Priority Payment Sys., LLC v. Signapay, Ltd., 161

F. Supp. 3d 1285 (N.D.Ga. 2015) – the actual differences are glaring even if they involve the same Georgia Computer Systems Protections Act. The plaintiffs in Priority Payment claimed that the defendants accessed plaintiffs' computer system and misappropriated information and plaintiffs' proprietary source code.

In this case, Defendants invaded TOKN's computer system and misappropriated client contact information, client lists, screenshots from TOKN's practice management system, billing information, attorney-client privileged communications, and other information. The nature of the information is critically important, because as set forth above, 17 U.S.C. § 102(b) excludes from copyright protection any "idea, procedure, process, system, method of operation, concept, principle, or discovery." Defendants have not satisfied their burden to show this Court, for example, that the screenshots from TOKN's practice management system that they misappropriated constitute a literary, pictorial, graphic, or sculptural work, which was an original work of any of the Defendants. Rather than proving it, they just claim it to be so.

### B. THE NOTICE OF REMOVAL WAS UNTIMELY

Defendants try to satisfy the requirements of 28 U.S.C. § 1446(b)(3) by arguing that they first ascertained TOKN's copyright claims when a proposed order

was submitted to the state court. Specifically, Defendants contend, that they learned of the copyright claim because the proposed order stated:

- "the TOKN Property [the Documents] were not a mere recitation of law. Rather, the evidence shows that the TOKN Property was crafted legal analysis created at TOKN's expense . . . the assets were clearly more than mere information"; and

- "all of the documents were owned by TOKN".

[Doc. 9, p. 13].

Defendants do not explain how or why this language suddenly alerted them to TOKN's copyright claims.[2] Moreover, Defendants' contention cannot be true when considering the entire state court record.[3]

First, Defendants cannot honestly tell this Court that they first learned that TOKN contended the property was "more than mere information" when the proposed order was submitted. The language Defendants point to was nearly verbatim in prior filings by TOKN in the state court. In response to Defendants' motion for summary judgment, filed on December 5, 2019 (over a year before Defendants' untimely notice of removal), TOKN argued:

---

[2] Their argument that TOKN used "the term 'constitute' rather than 'are' in its Amended Complaint" makes no sense.
[3] Defendants' knowing misrepresentation to this Court is shocking and shameful.

> The TOKN Property was not a recitation of the law, the property was carefully crafted legal analysis created at TOKN's expense and used in the operation of its business. The assets were clearly more than mere information.

(EXA250). To the extent this language creates copyright claims (which it does not), Defendants were on notice of the claims over a year before they filed their untimely notice of removal.

Second, throughout TOKN's Amended Complaint, TOKN alleged that the various identified items constituted TOKN's property, e.g.: "The Compliance Manual was TOKN's electronic data and property", (EXA027, ¶ 23); "The Best Practices PowerPoint was TOKN's electronic data and property", (EXA028, ¶ 26), "The JC Rentals Screenshot constitutes attorney-client privileged and work-product information. The JC Rentals Screenshot constitutes strictly confidential information, held and protected by TOKN, and constitutes a 'trade secret'", (EXA028, ¶ 29). Moreover, TOKN alleged in its Amended Complaint that "[t]he Compliance Manual, Best Practices PowerPoint, Vendor Agreement, and E-Ledger constitute TOKN's electronic and computer property." (EXA031, ¶ 46).

In addition to the Amended Complaint, TOKN expressly argued that it owned the data and documents in response to Defendants' motion for summary judgment: "All of the documents were owned by TOKN." (EXA240). And if that were not enough, in the Affidavit of Aaron Kappler, filed on December 5, 2019, Kappler

expressly testified: "All of the documents were owned by TOKN." (EXA280, ¶ 31). As such, it is impossible for Defendants to have first learned that TOKN contended that "the documents were owned by TOKN" when the proposed order was submitted to the state court.

Regardless of whether TOKN has asserted copyright claims, which TOKN denies, the bottom line is that Defendants knew the exact nature of TOKN's allegations no later than December 5, 2019, when TOKN filed its response to Defendants' motion for summary judgment and related affidavits. That response included, nearly verbatim, the language that Defendants point to in the proposed order that they contend "first" gave them notice. Their statements are, therefore, false. As 28 U.S.C. § 1446 requires a defendant to file notice within 30 day of being able to "first ascertain" the nature of the claims, and because Defendants were clearly and unambiguously on notice of the claims no later than December 5, 2019, their notice was untimely.

### III. CONCLUSION

As set forth herein, this case should be remanded to the Gwinnett County Superior Court. TOKN did not assert any federal claims nor did the Gwinnett County Superior Court indicate that it did. Additionally, Defendants' Notice was

untimely. Finally, given the circumstances, the Court should award TOKN its attorneys' fees and expenses.

RESPECTFULLY submitted on this 19th day of January 2021.

*/s/ Aaron M. Kappler*
AARON M. KAPPLER
GA State Bar No. 272533

For the Firm of
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia 30092
Telephone: (770) 925-0111
akappler@tokn.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF TYPE SIZE AND STYLE**

Counsel certifies that the size and style of type used in the foregoing document is Times New Roman 14 point.

                                      */s/ Aaron M. Kappler*
                                      AARON M. KAPPLER
                                      GA State Bar No. 272533

For the Firm of
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia 30092
Telephone: (770) 925-0111
akappler@tokn.com
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of **PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** by using the Court's CM/ECF electronic filing system upon the following:

Adam L. Cleveland
P.O. Box 767176
Roswell, Georgia 30076
adam@alclevelaw.com

William R. Carlisle
P.O. Box A
Winder, Georiga 30680
wrclaw@gmail.com

RESPECTFULLY submitted on this 19th day of January, 2021.

/s/ Aaron M. Kappler
AARON M. KAPPLER
Georgia State Bar No. 272533

THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Norcross, Georgia 30092
770-925-0111; fax 770-925-8597
akappler@tokn.com
*Attorney for Plaintiff*